**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CALVERT PORTER | : |
|    Plaintiff | : |
| v | :    Civil Action No. RWT-06-1906 |
| JON P. GALLEY | : |
|    Defendant | : |

o0o

## MEMORANDUM OPINION

The above-captioned case was filed on July 20, 2006. Although the pleading was written as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, it has been construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983 because it pertains to a prison disciplinary proceeding and does not challenge the validity of Plaintiff's criminal conviction.

Plaintiff alleges that he was found guilty of possessing contraband on August 17, 2001, and as a result was sentenced to serve 10 days of segregation. Paper No. 1. His attempts to have the conviction overturned through resort to the Inmate Grievance Office and subsequent appeals of the administrative agency's decision to the Maryland courts were unsuccessful.

This Court is required by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F. 2d 721, 722-723 (4th Cir. 1989). Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious. See, e.g., Flint v. Haynes, 651 F.2d 970, 974 (4th Cir.1981); Boyce, 595 F.2d at 951; Anderson v. Coughlin, 700 F.2d 37, 42 (2d Cir.1983); Holloway v. Gunnell,

685 F.2d 150, 155 (5th Cir.1982); Milton v. Nelson, 527 F.2d 1158, 1160 (9th Cir.1976).[1]  For the reasons that follow, the instant complaint must be dismissed for failure to state a claim upon which relief may be granted.

In the prison context, there are two different types of constitutionally protected liberty interests which may be created by state action.  The first is created when there is a state-created entitlement to an early release from incarceration.  See Board of Pardons v. Allen, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); See Wolff v. McDonnell, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits).  The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U. S. 472, 484 (1995).   The only sanction imposed for the guilty finding in the instant case was 10 days of disciplinary segregation; no diminution of confinement credits were revoked.  To the extent that Plaintiff is attempting to raise a due process claim, he has failed to establish the loss of a liberty interest resulting from the alleged improper disciplinary conviction.  Assignment to segregation, without allegations that the assignment represents a significant hardship as compared to assignment to general population, is not an atypical hardship in the context of prison life.  See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (conditions of administrative segregation at Maryland Penitentiary including vermin infestation and filth did not impose significant hardship).  Accordingly, the complaint shall be dismissed for failure to state a claim.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis*

---

[1] See e.g. White, 886 F. 2d at 724, "Pro se complaints are to be read liberally, but § 1915(d) does not demand that we conclude 'White had alleged that he was appealing a criminal conviction returned on the planet Saturn,' before such a complaint would warrant dismissal *sua sponte* as frivolous."

status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury". The instant case will be the first filed by Plaintiff that has been dismissed for failure to state a claim upon which relief may be granted. A separate Order follows.

Date: 8/10/06

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE